# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

STATE OF DELAWARE )
)
v. ) I.D. No. 1111012229
)
TYREEK EVANS-MAYES, )
)
Defendant. )

Submitted: July 25, 2016
Decided: August 25, 2016

Upon Defendant's Motion for Postconviction Relief
**DENIED**

Upon Motion to Withdraw as Counsel for Petitioner Tyreek Evans-Mayes
**GRANTED**

Edward F. Eaton, Esquire, 716 North Tatnall Street, Suite 400, Wilmington, DE 19801

Ipek K. Medford, Esquire, Deputy Attorney General, Department of Justice, 820 N. French St., Wilmington Delaware, Attorney for the State.

Tyreek Evans-Mayes, Smyrna, DE

**WHARTON, J.**

## ORDER

This 25th day of August, 2016, upon consideration of Defendant's Motion for Postconviction Relief, the Motion to Withdraw as Counsel for Petitioner Tyreek Evans-Mayes of Edward F. Eaton, Esquire, and the record in this matter, it appears to the Court that:

1. On January 30, 2012, Defendant Tyreek Evans-Mayes ("Evans-Mayes"), and his co-defendant Bryan Bennett ("Bennett") were indicted on four counts of Robbery First Degree, one count of Attempted Robbery First Degree, one count of Possession of a Deadly Weapon During the Commission of a Felony ("PDWDCF"), two counts of Wearing a Disguise During the Commission of a Felony ("WDDCF") and five counts of Conspiracy Second Degree.[1] On March 19, Michael C. Heyden, Esquire entered his appearance on behalf of Evans-Mayes.[2] Mr. Heyden's Motion to Withdraw as Counsel was granted on October 2, 2012.[3] After a hearing on December 13, 2012, Mr. Heyden was reassigned as Evans-Mayes' attorney.[4] On October 7, 2013, a jury found Evans-Mayes guilty of one count of Robbery First Degree, one count of PDWDCF, one count of WDDCF, one count of a lesser included offense of Robbery Second Degree and two counts

---

[1] D. I. 4.
[2] D. I. 13.
[3] D. I. 30.
[4] D.I. 59.

of Conspiracy Second Degree.[5] He was found not guilty of two counts of Robbery First Degree, one count of WDDCF and two counts of Conspiracy Second Degree.[6] The State entered *nolle prosequis* on single counts of Attempted Robbery First Degree and Conspiracy Second Degree.[7] Evans-Mayes was sentenced to a total 38 years incarceration suspended after 16 years for decreasing levels of probation.[8] His convictions and sentence were affirmed by the Delaware Supreme Court on September 11, 2014.[9]

2.    Evans-Mayes filed this Motion for Postconviction Relief ('Motion"), his first, on September 10, 2015 alleging ineffective assistance of counsel.[10] Trial counsel submitted an affidavit in response to the Motion.[11] Evans-Mayes submitted his own counter-affidavit in response.[12] Pursuant to the Court's Order, the Office of Conflict Counsel assigned Edward F. Eaton, Esquire to represent Evans-Mayes.[13] On June 21, 2016, Mr. Eaton filed this Motion to Withdraw as Counsel after carefully reviewing the case for potential grounds for relief and finding none.[14] In response, Evans-Mayes has asked for new counsel and a

---

[5] D. I. 122.
[6] *Id.*
[7] *Id.*
[8] D.I. 125.
[9] *Mayes v. State,* 2014 WL 1111012229 (Del. 2014).
[10] D. I. 135.
[11] D. I. 139.
[12] D. I. 138.
[13] D. I. 141.
[14] D. I. 144.

reduction in his sentence.[15] The Court treated that request as a sentence modification motion under Superior Court Criminal Rule 35 and denied it.[16]

3.     Under Delaware Superior Court Rules of Criminal Procedure, a motion for post-conviction relief can be barred for time limitations, repetitive motions, procedural defaults, and former adjudications. A motion exceeds time limitations if it is filed more than one year after the conviction becomes final or if it asserts a newly recognized, retroactively applied right more than one year after it was first recognized.[17] A motion is considered repetitive and therefore barred if it asserts any ground for relief "not asserted in a prior post-conviction proceeding."[18] Repetitive motions are only considered if it is "warranted in the interest of justice."[19] Grounds for relief "not asserted in the proceedings leading to the judgment of conviction" are barred as procedurally defaulted unless the movant can show "cause for relief" and "prejudice from [the] violation."[20] Grounds for relief formerly adjudicated in the case, including "proceedings leading to the judgment of conviction, in an appeal, in a post-conviction proceeding, or in a federal habeas corpus hearing" are barred.[21] Former adjudications are only reconsidered if "warranted in the interest of justice."[22]

---

[15] D. I. 146.
[16] D. I. 147.
[17] Super. Ct. Crim. R. 61(i)(1).
[18] Super. Ct. Crim. R. 61(i)(2).
[19] *Id.*
[20] Super. Ct. Crim. R. 61(i)(3).
[21] Super. Ct. Crim. R. 61(i)(4).
[22] *Id.*

4. Before addressing the merits of Defendant's Motion for Post-conviction Relief, the Court must first apply the procedural bars of Superior Court Criminal Rule 61(i).[23] If a procedural bar exists, then the Court will not consider the merits of the post-conviction claim.[24]

5. After reviewing the Motion and the bars of Rule 61(i), it is apparent that Defendant's claim of ineffective assistance of counsel is not procedurally barred. It is a timely first motion raising a claim of ineffective assistance of counsel, a claim that he could not raise in the proceedings leading to the judgment of conviction, and one that has not been previously adjudicated. His other claims captioned "Prosecutorial Misconduct" and "Due Process" are barred, however. In his claim of prosecutorial misconduct, he alleges that: (1) the prosecutor improperly referred to his co-defendant, Bryant (sic) Bennett as his "partner in crime" on more than one occasion; (2) the prosecutor improperly stated that a defense witness was guessing; (3) the prosecutor improperly stated "yes a few times" thereby answering "before me and for me;" and (4) the prosecutor misrepresented something he said when examining another witness.[25] Evans-Mayes' claim of a due process violation involves a claim that his original lawyer, Peter. N. Letang, Esquire later represented Bennett after Evans-Mayes had provided Mr. Letang with unspecified information

---

[23] *Younger v. State*, 580 A.2d 552, 554 (Del. 1990).
[24] *Id.*

that was subsequently used against him.[26] Neither the "Prosecutorial Misconduct" claim, nor the "Due Process" claim was asserted in the proceedings leading to the judgment of conviction or on direct appeal. They are subject to procedural default unless Evans-Mayes shows cause for relief from the procedural default and prejudice from violation of his rights.[27] The Motion does neither. Accordingly, Evans-Mayes' claims captioned "Prosecutorial Misconduct" and "Due Process" are barred as procedurally defaulted unless the bar is made inapplicable by Rule 61(i)(5). A procedural default bar to relief is inapplicable if the motion raises a claim that the court lacks jurisdiction or a claim satisfies the pleading requirements of Rule 61(d)(2)(i) or (2)(ii).[28] Again, the Motion does neither. It does not claim that the court lacks jurisdiction, nor does it plead with particularity new evidence of actual innocence,[29] or a retroactive new rule of constitutional law.[30] Therefore the claims of "Prosecutorial Misconduct" and "Due Process" are barred.

6. The Court now turns to the merits of the claim of ineffective assistance of counsel. To successfully articulate a colorable ineffective assistance of counsel claim, a claimant must demonstrate that: (1) his defense counsel's representation fell below an objective standard of reasonableness, and (2) there is a reasonable

---

[25] D. I. 135.
[26] *Id.*
[27] Super. Ct. Crim. R. 61(i)(3).
[28] Super. Ct. Crim. R. 61(i)(5).
[29] Super. Ct. Crim. R. 61(d)(2)(i).
[30] Super. Ct. Crim. R. 61(d)(2)(ii).

probability that, but for counsel's errors, the result of the proceeding would have been different.[31] An inmate must satisfy the proof requirements of both prongs to succeed on an ineffective assistance of counsel claim. Failure to do so on either prong will doom the claim and the Court need not address the other.[32] "Mere allegations of ineffectiveness will not suffice. A defendant must make specific allegations of actual prejudice and substantiate them."[33] There is always a strong presumption that counsel's representation was reasonable.[34] So, the defendant may not rely on conclusory statements of ineffectiveness; he must plead all allegations of ineffectiveness with particularity.[35]

7.     The claim of ineffective assistance of counsel is actually three allegations: (1) that Mr. Heyden called Evans-Mayes and his alibi witnesses liars and told his alibi witnesses the he (Evans-Mayes) would be imprisoned for a long time because he wanted Evans-Mayes to accept a guilty plea offer; (2) that Mr. Heyden did not subpoena an alibi witness; and (3) that Mr. Heyden did not move for a judgment of acquittal as Evans-Mayes requested. None of these allegations has any merit.

---

[31] *Strickland v. Washington*, 466 U.S. 668 (1984); *see also Alston v. State*, 2015 WL 5297709, at *3 (Del. 2015).
[32] *Strickland*, 446 U.S. at 697; *Ploof v. State*, 75 A.3d 811, 825 (Del. 2103) (*Strickland* is a two-pronged test, and there is no need to examine whether an attorney performed deficiently if the deficiency did not prejudice the defendant.").
[33] *Wright v. State*, 671 A.2d 1353, 1356 (Del. 1996).
[34] *Id.*

8. Allegedly, the name calling and threats were designed to induce Evans-Mayes to accept a plea. Whether Mr. Heyden engaged in this behavior or not, the fact is that Evans-Mayes did not plead guilty, but went to trial. Therefore, there was no prejudice to Evans-Mayes because he was not forced to plead guilty against his wishes, but rather, exercised his right to trial by jury according to his wishes.

9. The claim that Mr. Heyden did not subpoena an alibi witness is also without merit. In his affidavit, Mr. Heyden represented that all of the witnesses identified by Evan-Mayes were interviewed with the result that not all of them were able to support his alibi.[36] The one witness who was not subpoenaed gave a statement adverse to Evan-Mayes' interests.[37] In his Motion, Evans-Mayes neither identifies the witness, nor his testimony. This lack of particularity is fatal to his claim, causing it to fail on both prongs.

10. The third subpart of Evans-Mayes' ineffective assistance of counsel claim is that Mr. Heyden did not move for a judgment of acquittal. This claim fails on the prejudice prong. On appeal, the only issue raised by Evans-Mayes was a sufficiency of the evidence argument.[38] The Court rejected that argument and applied the same standard the trial court would have applied in deciding a motion

---

[35] *See Monroe v. State,* 2015 WL 1407856, at *5 (Del. 2015) (citing *Dawson v. State,* 673 A.2d, 1186, 1196 (Del. 1996).
[36] D. I. 139.
[37] *Id.*
[38] *Mayes,* at *1.

8

for judgment of acquittal.[39] Since the motion would have been unsuccessful, there is no prejudice to Evans-Mayes from Mr. Heyden's decision not to move for judgment of acquittal.

Therefore, Defendant's Motion for Post-conviction Relief is **DENIED**.

The Motion to Withdraw as Counsel for Petitioner Tyreek Evans-Mayes is **GRANTED.**

**IT IS SO ORDERED.**

_____
Ferris W. Wharton, J.

oc:    Prothonotary
cc:    Investigative Services

---

[39] *Id.*

9